The Honorable Eilleen Manning Mayor, City of Prairie Grove Prairie Grove, AR 72753
Dear Mayor Manning:
This is in response to your request, received by this office on June 11, 1991, for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101et seq. Your request is made under § 25-19-105(c)(3) (Adv. Code Serv. 1990-91), with regard to personnel or evaluation records. You state that the City Attorney, at the Mayor's request, made an inquiry into a sequence of incidents involving the Chief of Police and his department-employed wife. You further state that the inquiry as to incidents occurring outside the City Attorney's prosecutorial jurisdiction was personnel-related; and that another incident involved conduct related to the Police Chief's professional judgment, and a summary of findings of fact was prepared for the Mayor's use in evaluating the Chief's job performance.
You declined a request for inspection and copying of the report, citing A.C.A. § 25-19-105 (b)(10) and (c)(1).
Subsection (b)(10) of § 25-19-105 (Adv. Code Serv. 1990-91) exempts from disclosure under the FOIA "[p]ersonnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy." If, however, the record is an employee evaluation or job performance record, a different standard applies. Subsection (c)(1) of § 25-19-105 (Adv. Code Serv. 1990-91) states:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
It has thus been stated that ". . . evaluations and job performance records are open for public inspection only if a final administrative decision has been made to suspend or terminate the employee, the evaluation records formed a basis for that decision, and there is a `compelling public interest' in their disclosure." Watkins, The Arkansas Freedom of InformationAct 91 (1988).
The FOIA does not define "employee evaluation or job performance records." This office has opined, in the absence of such a definition, that one might reasonably contend that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See Att'y Gen. Op. No. 91-153. Other factors may be involved in determining in any given instance whether a particular record is a job performance record, and fact questions may arise in this regard. This office is ordinarily not able to make factual determinations.
Your request seems to indicate that the report in question is a job performance record. If, however, your inquiry also involves personnel records, it must be noted that a blanket refusal to disclose a personnel record would be contrary to the FOIA. Rather, the custodian must review the record and remove information that is of such a personal nature that its disclosure would invade one's privacy, where the invasion is not warranted.
We assume, however, based upon your correspondence, that the report in question is in fact a job performance record. We have also learned that with regard to the Chief of Police, a decision was made by the city council to suspend the Chief, but that the suspension was vetoed by the Mayor. The council did not subsequently override the veto. The Chief of Police thus remains employed.
It is my opinion that under these circumstances, the job performance record is exempt from disclosure under the FOIA. Although there was an initial suspension decision, there was no final administrative decision to suspend the employee.[1]See discussion above. Subsection (c)(1) of § 25-19-105 states that a job performance record is not open to public inspection under these circumstances.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We have no information with regard to the department-employed wife of the Chief of Police. We assume that she also remains in the employ of the city.